IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 5:12-CV-00216-BO

| | |
|---|---|
| REGINALD D. FULLER,                                        )<br>                                                                     )<br>    Plaintiff,                                          )<br>                                                                     )<br>v.                                                                   )<br>                                                                     )<br>BRIDGESTONE AMERICAS TIRE                      )<br>OPERATIONS, LLC, BRYAN BUTLER,         )<br>WILLIE FREEMAN, and A.J. EDWARDS,     )<br>                                                                     )<br>    Defendants.                                      ) | **ORDER** |

This matter is before the Court on plaintiff's motion to re-open case and proceed with litigation in this Court, and to appoint counsel [DE 19]. For the reasons stated herein, the plaintiff's motion is DENIED and this case is DISMISSED.

## BACKGROUND

This employment discrimination case was removed from Wilson County superior Court. Plaintiff Reginald Fuller is a former employee of defendant Bridgestone Americas Tire Operations ("BATO") and alleges that he was unlawfully discharged on the basis of his age and race. Plaintiff's complaint alleges violations of Title VII and does not implicate state law. In addition to BATO, Fuller named several of his managers as individual defendants in this matter.

Fuller worked for BATO from 1997 until his termination in August, 2011. The cause of his termination is in dispute, but defendants allege that Fuller tested positive for the use of marijuana and codeine in violation of the company's drug policy. Fuller argues that his managers, with discriminatory intent, tampered with his urine sample and falsified his test results. In testimony to the North Carolina Employment Security Commission, the plaintiff also

suggested that he may have tested positive due to second hand smoke or sexual contact. The commission rejected all of plaintiff's theories.

In 1995, Bridgestone/Firestone, Inc. (BATO's parent company at the time) implemented the Employee Dispute Resolution ("EDR") Plan for all non-union employees. In connection with his employment application, Fuller signed an acknowledgement form that he had received a copy of the EDR Plan and agreed to comply with its terms. In 2003, Bridgestone Americas Holding, Inc. (now Bridgestone Americas, Inc. BATO's parent company) implemented a new EDR Plan. On February 1, 2004, Fuller signed an acknowledgement form confirming that he had received a copy of the new EDR Plan. Fuller's filings with this Court indicate that he acknowledges his signature on this form and that he was aware of the EDR Plan. On May 21, 2012, defendants filed a motion to dismiss or in the alternative to stay proceedings and compel mediation and arbitration.

This Court compelled mediation and arbitration on December 13, 2012 [DE 17]. Plaintiff participated in mediation and was unhappy with the results. He has not attempted arbitration, instead filing his motion to re-open the case and proceed with litigation and to appoint a lawyer [DE 19] that is now before this Court. Defendant has offered plaintiff a $1000 settlement offer in conjunction with an agreement to not oppose his unemployment benefits claim currently pending in state court. Plaintiff rejected that offer and filed his motion on April 24, 2013.

## DISCUSSION

This Court has already ruled that the parties entered into a binding arbitration agreement which encompassed plaintiff's claims against the defendants. The Court compelled plaintiff to pursue his claims through arbitration pursuant to the terms of the EDR Plan. The Court decided to stay this action given that plaintiff was proceeding without counsel.

Plaintiff initiated the arbitration process under the EDR Plan, but then changed his course of action when BATO did not make a settlement offer that met his approval. As the Court previously ruled, there is no dispute that plaintiff's discrimination claims fall squarely within the scope of the EDR Plan. The Court compelled arbitration and plaintiff has decided to ignore the Court's order by filing this motion to re-open litigation before going through the arbitration process.

Defendants have requested that in response to plaintiff's motion, this Court should dismiss plaintiff's lawsuit in its entirety. As noted in our December 13, 2012 order, the Court has the discretion to dismiss plaintiff's lawsuit in its entirety when all of his claims fall within the scope of the arbitration agreement. The Court also has discretion to impose sanctions, up to and including dismissal, for Mr. Fuller's refusal to comply with its December 13, 2012 order. *See, e.g., Davis v. DIGNA Healthcare*, 2007 WL 1651248 (E.D. Cal. Jun. 5, 2007) (dismissing *pro se* plaintiff's claims for failing to obey court's arbitration order); *Nick v. Morgan's Foods, Inc.*, 99 F.Supp.2d 1056 (E.D. Mo. 2000) (using inherent power of the court to manage its docket under F.R.C.P. 16 to impose sanctions against defendant for failing to participate in good faith in court-ordered mediation). Given the undisputed arbitrability of the claims at issue, the clear direction provided by the Court in its December 13, 2012 order, and Mr. Fuller's unreasonable refusal to proceed to arbitration, plaintiff's motion to re-open is denied and this action is dismissed in its entirety.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to re-open is DENIED. Plaintiffs' claims for relief are hereby DISMISSED. The clerk is directed to enter judgment accordingly and to close the file.

SO ORDERED.

This the $\underline{23}$ day of September, 2013.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE